United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20566
Summary Calendar

ALFRED PAUL ALDACO,

                                        Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:02-CV-3359
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Prisoner Alfred Aldaco appeals the dismissal of his 28 U.S.C.
§ 2254 habeas corpus application, challenging the outcome of his
2001 parole hearing. He contends that the application of a 1995
provision of Texas parole law—increasing, for his case, the number

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

of votes for parole from 2-out-of-3 to 12-out-of-18, violated the Ex Post Facto Clause because it increased the punishment for his offense.

In state court, Aldaco presented the hearing minutes showing that two board members had voted for his release on parole. Aldaco, however, presented no evidence in state court, and did not allege in his state habeas petition, that those two members would have sat on the three-member panel that would have considered him for parole under the former statutory scheme.

Aldaco did not present sufficient evidence in state court to demonstrate that the application of the post-1995 statute created a sufficient risk of increased punishment to warrant habeas relief. See Cal. Dep't of Corrections v. Morales, 514 U.S. 499, 509 (1995); Goodwin v. Dretke, 150 F. App'x 295, 300 (5th Cir. 2005). The state court's rejection of Aldaco's claim was not an unreasonable application of the law, based on the facts presented to it. See 28 U.S.C. § 2254(d).

AFFIRMED.